**In Re Anonymous 59 D.B. 81**

Disciplinary Board Docket no. 59 D.B. 81.

To the Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania:

KRAWITZ, *Member,* July 7, 1982—Pursuant to

Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Office of Disciplinary Counsel filed a petition for discipline against [respondent] on October 19, 1981. The petition alleged pursuant to Rule 208(b)(1) of the Pennsylvania Rules of Disciplinary Enforcement the following charges of alleged misconduct in violation of the Code of Professional Responsibility as follows:

(a) D.R. 1-102(A)(6): Which prohibits an attorney from engaging in conduct which adversely reflects on his fitness to practice law.

(b) D.R. 6-101(A)(3): Which prohibits an attorney from neglecting a legal matter.

(c) D.R. 7-101(A)(1): Which prohibits an attorney from intentionally failing to seek the lawful objectives of a client through reasonable means.

(d) D.R. 7-101(A)(2): Which prohibits an attorney from intentionally failing to carry out a contract of employment entered into with a client for professional services.

(e) D.R. 7-101(A)(3): Which prohibits an attorney from intentionally prejudicing or damaging his client during the course of the professional relationship.

(f) D.R. 2-110(A)(1): Which prohibits an attorney from withdrawing from employment in a proceeding before a tribunal without its permission, if permission for withdrawal is required by the rules of the tribunal.

(g) D.R. 2-110(A)(2): Which prohibits an attorney from withdrawing from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client and complied with applicable laws and rules.

(h) D.R. 2-110(B)(4): Which requires an attorney representing a client before a tribunal, with its permission if required by its rules, to withdraw from employment if he is discharged by his client.

On October 29, 1981, Disciplinary Counsel requested the appointment of a hearing committee since personal services had not been successful. Respondent had closed his office in [  ] and removed to [  ], New Jersey. The matter was referred to hearing committee [  ]. The hearing committee consisted of [  ]. A hearing was scheduled for December 14, 1981. A hearing was held on December 15, 1981 at which testimony was taken. Further hearings were held and further testimony was taken on December 16, 17, 1981 and on January 8, 1982. Respondent represented himself at the hearings on December 15, 16, and 17, 1981 but did not appear at a reconvened hearing on January 8, 1982. Respondent claimed illness for his absence on January 8, 1982 at which time the hearing board requested Disciplinary Counsel and the respondent to submit briefs. Disciplinary Counsel submitted a brief but respondent failed to do so.

The hearing committee filed its report on March 25, 1982 and found violations by respondent of Disciplinary Rules as follows:

(a) D.R. 1-102(A)(6): Respondent engaged in conduct which adversely reflected on his fitness to practice law.

(b) D.R. 6-101(A)(3): Respondent neglected the client's legal matter.

(c) D.R. 2-110(A)(1): Respondent withdrew from employment in a proceeding before a tribunal without the tribunal's permission. Said permission being required by the rules of the tribunal.

(d) D.R. 2-110(A)(2): Respondent withdrew from client's employment without taking reasonable steps to avoid foreseeable prejudice to the rights of his client in violation of applicable laws and rules.

(e) D.R. 2-110(B)(4): Respondent failed to withdraw from employment after he was discharged by his client.

The hearing board recommended that respondent be suspended from the practice of law for a period of six months. No exceptions have been filed to the report of the hearing committee by either respondent or Disciplinary Counsel.

## II. STATEMENT OF FACTS

Respondent is an attorney licensed to practice in Pennsylvania and has been in practice for 39 years.

Disciplinary Counsel produced overwhelming evidence to prove respondent guilty, not only of neglect, but of gross neglect of his agreed upon representation of his clients. Respondent undertook representation on behalf of [A and B], husband and wife, for a medical malpractice claim in March of 1975. The legal fee for such representation was to be 50 percent of the net result either by verdict if the case were tried or settlement. A complaint in trespass was filed by [A and B] in the United States District Court for the Eastern District of Pennsylvania on March 2, 1977, in which St. Joseph's Hospital, Dr. [C] and others were named as defendants. Respondent had engaged [D], a Philadelphia lawyer, to prepare and file a complaint, apparently at least in part because respondent was not then an

admitted member of the United States District Court for the Eastern District of Pennsylvania. Respondent never informed his clients that he was not admitted to practice in that court.

The lawsuit was assigned to the Honorable [E] who ultimately dismissed the [A and B] complaint, with prejudice by order dated December 11, 1978. In his order Judge [E] stated that on four different occasions the case was listed for trial but had to be continued because of respondent's inability to proceed and that the court had borne this state of affairs for nearly two years out of solicitude for [A and B] to prevent them from being penalized for their attorney's negligence and nonfeasance. The judge pointed out that, without the knowledge of [A and B], respondent had failed to comply with orders instructing plaintiffs to file a motion to amend their complaint as well as an order that respondent associate with co-counsel for the purpose of handling pretrial matters, including discovery, trial of the case and numerous other orders which respondent ignored. Shortly after the filing of the complaint, [D], Esq., withdrew from association with respondent because of respondent's failure to cooperate and to recognize the value of the lawsuit. Judge [E] remained concerned for [A and B] to prevent them from being penalized for respondent's recalcitrance and again scheduled the case for trial and admonished respondent "that no further continuances would be granted in the case." Respondent continued to be negligent and in November of 1978, more than three years after respondent undertook representation of [A and B], Judge [E] redoubled his efforts to guide the parties to an acceptable resolution through settlement and issued an order scheduling a settlement conference on November 21, 1978. The court's efforts were in

vain and respondent not only failed to discuss settlement but failed to notify his clients and even ignored the scheduled conference without even the courtesy of a telephone call.

Prior to this time defendants had moved the court to dismiss the matter, with prejudice, and the court had denied defendant's motion. On November 21, 1978, defendants moved the court to reconsider its previous decision and consistent with the behavior of respondent and respondent's failure to respond to defendant's motion to reconsider the dismissal, the court sustained the motion and stated "Plaintiffs have now had nearly two years. During that time they have done nothing but delay and cause the five defendants to attend countless conferences at which nothing could be resolved due to plaintiff's lack of preparation. This court has been more than patient. It tried to overcome the problems presented by counsel's failing health by urging affiliation with co-counsel. It postponed trial four times for plaintiffs' convenience. It gave plaintiffs additional time in which to answer motions long overdue. If the court perceived any change in plaintiffs' behavior it would not dismiss this action." Accordingly, the court dismissed the action of [A and B], with prejudice.

The testimony reveals that [A and B] were never informed of the aforementioned matters by respondent.

Respondent on behalf of [A and B] and without their knowledge subsequently appealed, out of time, to the United States Court of Appeals for the Third Circuit. Despite the rather late entry of this appeal the Court of Appeals permitted respondent to appeal. Thereafter, on October 5, 1979, motions on behalf of each defendant to quash the appeal were granted by the United States Circuit Court.

The basis for said motions was respondent's failure to pursue the appeal with diligence. Again [A and B] were not aware and not informed by respondent of the action of the United States Court of Appeals. At the hearings in this matter testimony was offered by the Honorable [F], now a Judge of the Municipal Court of Philadelphia, stating that he had been asked by [Attorney D] in September of 1978 to join with him on behalf of respondent in representation of the [A and B] matter in the United States District Court and that Judge [F] was to act as co-counsel and assist respondent in the preparation of the case, but that respondent would be trial counsel. From the outset, Judge [F] had great difficulty communicating with respondent. He was not permitted to meet with [A and B]. He could not obtain information needed by him in order to answer interrogatories because he did not have access to the file. Judge [F] also felt that the case could have been settled for a sum approximating $20,000 but that respondent's adamant position regarding settlement, demanding a sum approximating $125,000, prevented any meaningful settlement discussions. Judge [F] testified that he became so disillusioned with respondent's conduct that he withdrew his representation and filed a petition with the United States District Court for allowance to withdraw which said permission was granted on November 28, 1978. Judge [F] testified that his total involvement in the case was for a period of two months and two days, during which time he testified that he never met [A and B], never received any financial renumeration, could not communicate with respondent and that he disagreed entirely with the way in which the case was handled. [B] substantiated Judge [F's] testimony by testifying that she was never informed that [Judge F] had been re-

tained as co-counsel by respondent. [B] further testified that she was never informed by respondent that he was not admitted to practice before the United States District Court for the Eastern District of Pennsylvania and was never informed by respondent that her claim for malpractice had been dismissed in 1978 and was never informed that an appeal was lodged in the United States Court of Appeals. [B] testified at length that she was unable to communicate with respondent and without informing her he had moved his offices sometime in 1978 or 1979 and accordingly, when she could no longer communicate with respondent she wrote a letter addressed to respondent's home in [    ], New Jersey in which she discharged respondent as her attorney and requested that her file be returned to her. Respondent never acknowledged the receipt of this letter and although she asked for an accounting of the $1,500 which she had given respondent at the beginning of the case, she never received an accounting nor has any of these monies been refunded to her.

Respondent's failure to properly represent [A and B] resulted in a loss to them of approximately $20,000.

## III. FINDINGS OF FACT

1.  Respondent failed to diligently and reasonably prosecute the malpractice action for which he was retained in the United States District Court for the Eastern District of Pennsylvania.

2.  Respondent failed to communicate with his client regarding the problems which he was having with Judge [E], specifically his repeated failure to comply with various orders of the court, and specifically failed to communicate the many warnings

which he received from Judge [E] that the case was in danger of being dismissed.

3. Respondent never communicated to his client that he was not admitted to practice before the very court in which the case was filed.

4. Respondent failed to communicate to this client the opinions of his co-counsel, Judge [F], regarding the relative merit of the case and the potential for settlement.

5. Respondent never informed his client of the dismissal of the underlying case in the United States District Court.

6. Respondent failed to communicate to his client his appeal to the United States Court of Appeals for the Third Circuit and thus acted without authority in doing so.

7. Respondent ignored his client's letter of August 7, 1979 in which he was dismissed as counsel, and in which he was requested to return the file to his client. This dismissal came about at a time when the appeal in the Court of Appeals was still viable, and ostensibly could still have been perfected. The dismissal in the Court of Appeals did not occur until October 5, 1979. Respondent failed to file briefs, as well as the record below, as required under the Rules of the United States Court of Appeals.

8. Respondent failed to file any response to the motions filed by the various defendants to quash the appeal in the United States Court of Appeals.

## IV. DISCUSSION

The evidence is overwhelming that respondent was guilty of violating the Disciplinary Rules as set forth on Page 3 of this report. Respondent's conduct was more than mere neglect such as would give rise

to a claim of legal malpractice. By respondent's repeated acts of neglect, indifference, deceit and a continuous course of failure to communicate with his clients respondent is guilty of conduct adversely reflecting on his fitness to practice law and of an intended indifference to the interests of his clients. The written word as set forth in the record indicates that respondent appearing before the court and acting as his own counsel was, as he appeared in his client's matter, totally unprepared to conduct a defense in his own behalf, tardy, ill-mannered, obstreperous and being an obstructionist in preventing a conclusion to this matter. There is inconclusive evidence that respondent's physical health problems were the underlying cause of respondent's conduct. On the other hand, the evidence reveals a neglectful, sloppy, ill-mannered, unconscionable practitioner who should be properly disciplined.

## V. RECOMMENDATIONS FOR THE REASONS SET FORTH ABOVE

The Disciplinary Board recommends to your honorable court, on the basis of the foregoing, that respondent be suspended for a period of six months from the practice of law.*

## ORDER

O'BRIEN, *C.J.*, And now, August 31, 1982, upon consideration of the recommendation of the Disciplinary Board dated July 7, 1982, it is hereby ordered that [respondent] be and he is suspended from the Bar of the Commonwealth for a period of

---

*Nancy M. Neuman dissented and recommended a suspension from the practice of law for one year.

one year, and he shall comply with all the provisions of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement.

Mr. Justice McDermott did not participate in the consideration or decision of this matter.